HYUNSUK ALBERT CHANG (SBN 206270)
Email: albertchang@aclawfirm.net
LAW OFFICES OF ALBERT CHANG
879 W. 190th Street, Suite 400
Gardena, CA 90248
Telephone: (310) 769-6836

Attorney for Plaintiff HNL FASHION, INC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HNL FASHION, INC, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EDGEMINE, INC., a California corporation, d/b/a BLU PEPPER BOUTIQUE; ANDYLIZ INC, a California corporation, d/b/a ANDYLIZ BOUTIQUE; BOHO LIFESTYLE, an unknown business entity; CACTUS LOUNGE BOUTIQUE LLC, a California limited liability company; FAIRE WHOLESALE, INC., a Delaware corporation, d/b/a FAIRE; FLOURISH BY BLUES AND SHOES, an unknown business entity; MY HIPPIE SOUL, an unknown business entity; NHN GLOBAL, INC., a California corporation, d/b/a FASHIONGO; SHE SHE BOUTIQUE, an unknown business entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**
- 1 -

Plaintiff HNL FASHION, INC ("Plaintiff"), by and through its undersigned attorney, hereby prays to this Honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1458 S. San Pedro Street, Unit 315, Los Angeles, CA 90015, which is authorized to do business and is doing business in the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant EDGEMINE, INC. ("EDGEMINE") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1801 East 50th Street, Los Angeles, CA 90058, which is authorized to do business and is doing business in the State of California. EDGEMINE is, and at all times herein mentioned was, also doing business as BLU PEPPER BOUTIQUE.

6. Plaintiff is informed and believes and thereon alleges that Defendant ANDYLIZ INC ("ANDYLIZ") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with

its principal place of business located at 3912 Atlantic Avenue, Long Beach, CA 90807, which is authorized to do business and is doing business in the State of California. ANDYLIZ is, and at all times herein mentioned was, also doing business as ANDYLIZ BOUTIQUE.

7. Plaintiff is informed and believes and thereon alleges that Defendant BOHO LIFESTYLE ("BOHO") is, and at all times herein mentioned was, an unknown business entity with its principal place of business located at 1012 First Street, Napa, CA 94559, which is authorized to do business and is doing business in the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant CACTUS LOUNGE BOUTIQUE LLC, ("CACTUS LOUNGE") is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 439 Vineyard Town Center, Morgan Hill, CA 95037, which is authorized to do business and is doing business in the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant FAIRE WHOLESALE, INC. ("FAIRE") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 100 Potrero Avenue, San Francisco, CA 94103, which is authorized to do business and is doing business in the State of California. FAIRE WHOLESALE, INC. is, and at all times herein mentioned was, also doing business as FAIRE.

10. Plaintiff is informed and believes and thereon alleges that Defendant FLOURISH BY BLUES AND SHOES ("FLOURISH BY BLUES") is, and at all times herein mentioned was, an unknown business entity with its principal place of

business located at 2971 State Street, Carlsbad, CA 92008, which is authorized to do business and is doing business in the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant MY HIPPIE SOUL ("MY HIPPIE SOUL") is, and at all times herein mentioned was, an unknown business entity with its principal place of business located at 1429 Mission Drive, Los Banos, CA 93635, which is authorized to do business and is doing business in the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant NHN GLOBAL, INC., d/b/a FASHIONGO ("FASHIONGO") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 2250 Maple Avenue, Los Angeles, CA 90011, which is authorized to do business and is doing business in the State of California. NHN GLOBAL, INC. is, and at all times herein mentioned was, also doing business as FASHIONGO.

13. Plaintiff is informed and believes and thereon alleges that Defendant SHE SHE BOUTIQUE ("SHE SHE") is, and at all times herein mentioned was, an unknown business entity with its principal place of business located at 130 N Santa Cruz Avenue, Suite D, Los Gatos, CA 95030, which is authorized to do business and is doing business in the State of California.

14. Defendants DOES 1 through 50, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 50, inclusive, are presently unknown to Plaintiff, which thus sues said Defendants by such fictitious names, and will seek

1. leave to amend this Complaint to show their true names and capacities when same have been ascertained.

15. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN ODE09292DPR-TPR-2615**

16. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth herein below. Plaintiff allocated this artwork its internal design number ODE09292DPR-TPR-2615 (the "Subject Design"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

17. Plaintiff applied for and received a United States Copyright Registration for the Subject Design. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

18. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries. Thus, Plaintiff widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

19. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, EDGEMINE, ADNYLIZ, BOHO, CACTUS LOUNGE, FAIRE, FLOURISH BY BLUES, MY HIPPIE SOUL, FASHIONGO, and SHE SHE, and certain DOE defendants then created, manufactured, caused to be manufactured, imported, distributed, and/or sold garments comprised of fabric bearing an unauthorized reproduction of the Subject Design (the "Subject Products") to its vendors as well as to the public.

20. A comparison of the Subject Design and the Subject Products below makes apparent that the elements, colors, composition, arrangement, layout, and appearance of the designs are substantially similar.

| Subject Design | Subject Product A |
|---|---|
| Detail | Detail |––
| |  |

| Design | Garment |
|---|---|
|  |  |
| Subject Design | Subject Product B |
| Detail | Detail |
|  |  |

| Design | Garment |
|---|---|
|  | |

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. §504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

22. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitations, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE defendants, including, without limitation, international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and/or (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

24. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries. Thus, Plaintiff widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendants have an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, manufacturing, and/or developing directly infringing and/or derivative works from the Subject Design and by manufacturing, distributing, and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

27. Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement as alleged herein, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. §504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement

– Against All Defendants)

31. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the

illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of the Defendants' and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Due to Defendants' and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement as alleged herein, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. §504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against all Defendants as follows:

1. That Defendants, and each of them, and their respective agents and

employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

2. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, under the Copyright Act, 17 U.S.C. §504(b), or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §504(c);

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. §101 et seq.;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. That Plaintiff be awarded the costs of this action; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Date: June 24, 2025                    LAW OFFICES OF ALBERT CHANG

                                         By:  /s/ Hyunsuk Albert Chang
                                              Hyunsuk Albert Chang
                                              Attorney for Plaintiff
                                              HNL FASHION, INC

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*
United States Register of Copyrights and Director

**Registration Number**
**VAu 1-483-329**

**Effective Date of Registration:**
October 09, 2022
**Registration Decision Date:**
October 20, 2022

## Copyright Registration for a Group of Unpublished Works
Registration issued pursuant to 37 C.F.R. § 202.4(c)

### Title

**Title of Group:** LC66188-TPR-2612 and 9 Other Unpublished Works
**Content Title:** LC66188-TPR-2612
LC75637-TPR-2614
LC105471-TPR-2611
LC1301050TPR-2613
ODE09292DPR-TPR-2615
TPR-2605-CW1-MK
TPR-2606-CW1-MK
TPR-2607-CW3
TPR-2608-CW1
TPR-2610-CW5

### Completion/Publication

**Year of Completion:** 2022

### Author

- **Author:** HNL FASHION INC.
  **Author Created:** Fabric, Textile, or Wallpaper Designs
  **Work made for hire:** Yes
  **Domiciled in:** United States

### Copyright Claimant

**Copyright Claimant:** HNL FASHION INC.
1458 S. San Pedro St #315, Los Angeles, CA, 90015, United States

### Rights and Permissions

